IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-01897-PAB-CBS

JUDY ROADCAP,

    Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.

---

**ORDER**

---

This matter is before the Court on the Motion for Remand to State Court [Docket No. 13] filed by plaintiff Judy Roadcap.

On May 29, 2014, plaintiff filed this case in the District Court of El Paso County, Colorado. Docket No. 5 at 2. Plaintiff brings three claims against defendant: (1) breach of insurance contract for failure to pay underinsured motorist ("UIM") policy benefits, (2) bad faith breach of insurance contract, and (3) unreasonable delay or denial of payment of a claim for benefits under Colo. Rev. Stat. § 10-3-1115 and § 10-3-1116. *Id.* at 3-4. Plaintiff's civil case cover sheet indicates that she seeks a monetary judgment in excess of $100,000. Docket No. 1-8 at 3. On June 9, 2014, the complaint was served on defendant. Docket No. 1 at 2. On July 8, 2014, defendant filed a notice of removal pursuant to 28 U.S.C. § 1441, asserting jurisdiction based upon § 1332. Docket No. 1 at 2, ¶ 6. On July 14, 2014, plaintiff filed a motion to remand, arguing that defendant failed to show that the amount in controversy exceeded $75,000. Docket No. 13 at 3,

¶ 9.

The Court is required to remand a case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); see *Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006) ("[t]he two categories of remand within § 1447(c) . . . are remands for lack of subject matter jurisdiction and for defects in removal procedure").[1] Diversity jurisdiction exists when the case involves a dispute between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). To meet the diversity requirement, there must be complete diversity between plaintiff and all defendants, meaning that no defendant can be from the same state as any plaintiff. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Here, plaintiff's complaint alleges that she resides in Colorado, Docket No. 5 at 2, and plaintiff does not appear to dispute that she is a citizen of Colorado. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, but the place of residence is *prima facie* the domicile."). Defendant is a corporation incorporated in Ohio, with its principal place of business in Ohio. Docket No. 1 at 3, ¶ 10; see § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it was been incorporated and of the State or foreign state where it has its principal place of business"). Thus, the complete diversity requirement is met.

The amount in controversy is ordinarily determined by the allegations in the complaint or, where they are not dispositive, by the allegations in the notice of removal.

---

[1]The Court is otherwise satisfied that defendant's notice is timely and satisfies the procedural requirements of 28 U.S.C. § 1446.

*Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). When, as here, "the plaintiff's damages are unspecified, courts generally require that a defendant establish the jurisdictional amount by a preponderance of the evidence." *Id*. (citations omitted).[2] The Tenth Circuit has held that:

> a proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed.

*McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)). Defendants need only "affirmatively establish jurisdiction by proving jurisdictional *facts* that ma[k]e it *possible* that $75,000 [is] in play" at the time of removal. *Id.* at 955 (emphasis in original); *see also Emland Builders, Inc. v. Shea*, 359 F.2d 927, 929 (10th Cir. 1966) (amount in controversy is determined at the time the case is removed to federal court).

Here, plaintiff alleges that she suffered "permanent physical injuries," including economic and noneconomic losses. Docket No. 5 at 3, ¶ 5. The parties do not dispute that plaintiff's UIM policy limit is $100,000. *Id.* at 2, ¶ 1; Docket No. 7 at 2, ¶ 1. Thus, given plaintiff's allegations, were plaintiff to prevail on her claim for UIM benefits, defendant's potential liability would be up to and including the $100,000 policy limit.

---

[2]By virtue of filing this case in state court, plaintiff's complaint was required to comply with the Colorado Rules of Civil Procedure, which provide that "[n]o dollar amount shall be stated in the prayer or demand for relief." Colo. R. Civ. P. 8(a).

3

Before filing this case, plaintiff demanded that defendant pay the policy limit. Docket No. 5 at 3, ¶ 7. Defendant offered to pay plaintiff $20,000. Docket No. 1-7 at 2. Plaintiff's demand for the $100,000 policy limit therefore appears to reflect her reasonable estimate of her claim and is therefore "'relevant evidence of the amount in controversy.'" *See McPhail*, 529 F.3d at 956 (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). Additionally, plaintiff seeks damages related to defendant's alleged bad faith breach of the insurance contract. Because plaintiff brings a claim under Colo. Rev. Stat. § 10-3-1115 and § 10-3-1116, defendant is potentially liable for an additional penalty of two times the covered benefit, plus attorneys' fees. *See Etherton v. Owners Insurance Company*, No. 10-cv-00892 -PAB-KLM, 2013 WL 5443068, at *3 (D. Colo. Sep. 30, 2013) (interpreting § 10-3-1116 as allowing for recovery of two times the covered benefit in addition to breach of contract damages); *Hansen v. Am. Family Mut. Ins. Co.*, 2013 WL 6673066, at *3 (Colo. App. Dec. 19, 2013) (unpublished) (same). Given that plaintiff alleges permanent physical injuries and corresponding economic and noneconomic losses, it is far from "legally certain" that the covered benefit could not exceed $25,000. *See McPhail*, 529 F.3d at 955. Thus, the amount in controversy on plaintiff's statutory claim alone likely exceeds $75,000. For the foregoing reasons, the Court concludes that defendant has proven sufficient jurisdictional facts upon which to conclude that the amount in controversy exceeds $75,000.

Plaintiff argues for remand on two grounds. First, plaintiff argues that defendant cannot rely on plaintiff's civil cover sheet to establish the necessary jurisdictional facts. Docket No. 13 at 2. Plaintiff is correct to the extent she argues that a civil cover sheet

4

is not, by itself, sufficient to support jurisdiction. However, a civil cover sheet is probative evidence regarding the amount in controversy when combined with plaintiff's requested damages. *See Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1215 (D. Colo. 2007). Moreover, as noted above, even absent the civil cover sheet, there are sufficient jurisdictional facts upon which to conclude that the amount in controversy requirement is satisfied. Second, plaintiff argues that her $100,000 demand is not sufficient to establish the amount in controversy. Plaintiff's argument is incorrect. As noted above, a plaintiff's offer of settlement is relevant evidence. *McPhail*, 529 F.3d at 956. Although plaintiff argues that a jury may not ultimately award her more than $75,000, the jurisdictional amount is to be determined at the time of removal. *Id.* at 955. The arguments advanced in plaintiff's reply brief are similarly unpersuasive. *See* Docket No. 20 at 1-2. The Court therefore rejects plaintiff's arguments. For the foregoing reasons, it is

    **ORDERED** that plaintiff's Motion for Remand to State Court [Docket No. 13] is **DENIED**.

    DATED August 12, 2014.

                                            BY THE COURT:

                                            s/Philip A. Brimmer
                                            PHILIP A. BRIMMER
                                            United States District Judge